[Cite as *State v. Kearns*, 2014-Ohio-5577.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CHAMPAIGN COUNTY

STATE OF OHIO                          :
                                       :      Appellate Case No. 2014-CA-12
      Plaintiff-Appellee              :
                                       :      Trial Court Case No. 13-CR-285
v.                                     :
                                       :
JEANA M. KEARNS                        :      (Criminal Appeal from
                                       :          Common Pleas Court)
      Defendant-Appellant             :
                                       :

. . . . . . . . . . .

# O P I N I O N

Rendered on the 19th day of December, 2014.

. . . . . . . . . . .

KEVIN S. TALEBI, Atty. Reg. #0069198, by WESLEY E. SOMOGY, Atty. Reg. #0089037, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
      Attorneys for Plaintiff-Appellee

THEODORE D. VALLEY, Atty. Reg. #0070867, Baldwin Valley Law, LLC, 854 East Franklin Street, Centerville, Ohio 45459
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1}    Jeana M. Kearns appeals from her conviction and sentence following a guilty plea to one count of cocaine possession, a fifth-degree felony.

{¶ 2}    In her sole assignment of error, Kearns contends the trial court abused its discretion in sentencing her to seven months in prison. She argues that the facts and circumstances warranted community control sanctions.

{¶ 3}    Upon review, we see nothing in the record indicating that Kearns moved for a stay of her sentence pending appeal, or that this court or the trial court granted a stay. To the contrary, the record reflects that Kearns was conveyed to prison in mid-March 2014. (*See* Doc. #43). Even without jail-time credit, which the trial court did not award, her seven-month prison term expired in mid-October 2014. We take judicial notice that she is not listed as an inmate on the Ohio Department of Rehabilitation and Correction's website which means that she has been released from prison and has not been placed on post-release control. *See State v. Erdman*, 2d Dist. Montgomery No. 25814, 2014-Ohio-2997, ¶ 3 (taking judicial notice that an appellant's name did not appear on the website).

{¶ 4}    Where an appellant challenges only the imposition of a sentence that has been served, and not the underlying conviction, there is no meaningful relief this court can provide. *Id.* at ¶ 4. Under such circumstances, the appeal is moot. *Id.* We find that to be the case here. Because Kearns has served the sentence she challenges, her appeal is dismissed as moot.

. . . . . . . . . . . . .

FAIN, J., and DONOVAN, J., concur.

Copies mailed to:

Kevin S. Talebi
Wesley E. Somogy
Theodore D. Valley
Hon. Nick A. Selvaggio